UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| LUCIUS YOUNG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV425-070 |
| ) | |
| ROBERT W. ATTRIDGE, JR., ) | |
| ) | |
| Defendant. ) | |

## ORDER

*Pro se* plaintiff Lucius Young filed this 42 U.S.C. § 1983 action alleging his public defender has not been sufficiently communicative. *See* doc. 1 at 5. The Court granted him leave to proceed *in forma pauperis*, doc. 4, and he returned the required forms, docs. 9 & 10. The Court previously recommended that his Complaint be dismissed. Doc. 11. While that Report and Recommendation was pending, Young consented to the undersigned's plenary jurisdiction. Doc. 13. The Report and Recommendation is, therefore, **VACATED** as moot. Doc. 11. The Court, therefore, proceeds to screen his Complaint, pursuant to 28 U.S.C. § 1915A. For the reasons explained below, his Complaint is **DISMISSED**. Doc. 1.

The Court applies Federal Rule of Civil Procedure 12(b)(6) standards in screening a complaint pursuant to § 1915A, *Leal v. Ga. Dep't of Corr.*, 254

1

F.3d 1276, 1278-79 (11th Cir. 2001), so allegations in the Complaint are taken as true and construed in the light most favorable to the plaintiff. *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir. 2011). Conclusory allegations, however, fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a Rule 12(b)(6) dismissal). Because Plaintiff is proceeding *pro se*, his pleadings are held to a less stringent standard than pleadings drafted by attorneys and are liberally construed. *See Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011).

Young's allegations, unedited and in full state: "For as long as I have been on Mr. Attridge case load; I have only heard from approximately 2 times I have never really had a chance to correspond with him." Doc. 1 at 5. As relief he requests, "[t]o be compensated for pain and sufferings; loss of income, amounts spending on commissary fees." *Id.* at 6. Significantly, he states that he has not brought any other law suits related to the facts alleged. *See id.* at 1. However, the Court recently dismissed a § 1983 suit filed by Young against, among others, Mr. Attridge, which was filed before this case. *See Young v. Burnham*, CV425-041, doc. 1 (S.D. Ga. Mar. 3, 2025), doc. 14 (S.D. Ga. Apr. 1, 2025). Notwithstanding the apparent dishonesty in the instant Complaint, *see, e.g., Sears v. Haas*, 509 F. App'x 935, 936 (11th Cir. 2013) (affirming dismissal of complaint where prisoner failed to

2

accurately disclose previous litigation), it is clear that the instant Complaint fails to state a claim upon which relief can be granted.

Assuming that the alleged lack of communications between Plaintiff and his assigned public defender implicates any constitutional right at all, Attridge's actions as a public defender are not "under color of state law." The Supreme Court has concluded "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981); *see also Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985) (finding public defender "did not act under 'color of state law' notwithstanding his appointment as counsel by a judicial officer"). As Attridge's actions, or inactions, as a public defender were not performed "under color of state law," he cannot be sued under § 1983.[1]

Accordingly, Young's Complaint is **DISMISSED**. Doc. 1. While *pro se* parties are often entitled to an opportunity to amend claims before dismissal, such an opportunity is not warranted here because any

---

[1] To the extent that Young might assert some state-law malpractice claim against his public defender, because he has not alleged a viable federal claim, the Court declines to exercise supplemental jurisdiction over any such claim. *See, e.g., Mergens v. Dreyfoos*, 166 F.3d 1114, 1119 (11th Cir. 1999) ("[I]f the federal claims are dismissed prior to trial, [*United Mine Workers v.*] *Gibbs* strongly encourages or even requires dismissal of state claims." (internal quotation marks and citations omitted)).

3

amendment would be futile.  *See, e.g., Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015).  The Clerk is **DIRECTED** to **CLOSE** this case.

**SO ORDERED**, this 30th day of May, 2025.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA